[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DE MOTION TO STRIKE (#104)
The plaintiff, LSR Stamford Holdings L.P., moves to strike all three special defenses and all three counterclaims of the defendant, Walter H. Rubin, arising out of an action for partition. The plaintiff asserts that the special defenses are legally insufficient and should be stricken because they lack specifically pled supportable facts and are not recognized as valid defenses to a partition action. The plaintiff maintains that the counterclaims are also want of specific supportable facts and merely state legal conclusions. The defendant contends that because the nature of the plaintiff's action is a partition by sale, rather than a partition in kind, it is amenable to the equitable defenses of unclean hands, estoppel and bad faith. The defendant further submits that there are sufficient facts pled to support the counterclaims.
For purposes of a motion to strike, the question of which partition statute to apply is not yet an issue. "A partition action is equitable in nature and the court determines whether to order a partition under [General Statutes §] 52-495 or a sale under [§] 52-500. Since the purpose of the action is to sever or dissolve involuntary joint ownership in real property, the court must do one or the other and thus terminate the ownership relationship between the parties." Rubin v. Labow, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 178886 CT Page 10472 (February 17, 1994, Fuller, J.). As a result, the court is only going to determine whether the defendant's special defenses and counterclaims state a claim upon which relief can be granted. See Practice Book §10-39. "Connecticut courts have recognized the following as permissible defenses to the right to partition: a claim of adverse possession of the property sought to be partitioned by the defendant, . . . the existence of a trust interest in the property if partition would defeat the purposes of the trust, . . . an agreement prohibiting partition, . . . and a claim of invalidity in the plaintiff's procurement of title." (Citations omitted; internal quotation marks omitted.) Mundaca Investment Corp. v.Shawmut Bank, Superior Court, judicial district of Bridgeport, Docket No. 325525 (July 3, 1996, West, J.) (17 Conn.L.Rptr. 314) (striking equitable defenses of unclean hands and laches). Applied here, the defendant's three special defenses are not recognized as valid special defenses to partition in Connecticut. Therefore, the plaintiff's motion to strike the defendant's special defenses is hereby granted.
"The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [the court] will not conclude that the complaint is insufficient to allow recovery." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 83, 700 A.2d 655 (1997). Here, the plaintiff has been put on adequate factual notice. The defendant, in all three counterclaims, alleges that the plaintiff has failed and refused to permit the subject premises to be leased to new tenants and/or redevelop the property until ownership is changed and that the plaintiff has also refused to permit the subject premises to be marketed for sale which would help accomplish a change in ownership. Consequently, there are sufficient facts to state claims for interference with property rights and financial expectations, diminished value and waste. Therefore, the plaintiff's motion to strike the defendant's counterclaims is hereby denied.
So Ordered.
HICKEY, J.